UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

GLENDA AGUILAR, KEVIN MARABOLI,
A.C., an Infant Under the Age of Seventeen (17)
Years by her Mother and Natural Guardian RUTH
AGUILAR, and RUTH AGUILAR, Individually,

                                                           Plaintiffs,
-against-

CARLISLE CARRIER, LLC, CARLISLE
CARRIER CORP., COWAN SYSTEMS LLC,
AND ADAM BARRETT,

                                                           Defendants.
------------------------------------------------------------------X

**REPORT AND
RECOMMENDATION**

**2:22-cv-00628-FB-ST**

**TISCIONE, United States Magistrate Judge:**

Plaintiffs' counsel moved the Court for approval of a settlement ("Motion") resolving the claims made by infant Plaintiff Ava Castillo ("A.C.") in this action against Defendants Carlisle Carrier, LLC, Carlisle Carrier Corp., Cowan Systems LLC, and Adam Barrett ("Defendants").

The Honorable Frederic Block referred the instant Motion to the undersigned to issue a Report and Recommendation.

For the reasons set forth below, this Court respectfully recommends that Plaintiff's Motion for Approval of Infant Compromise be approved and granted in its entirety.

### I.     BACKGROUND

**A. Summary of Parties and Allegations**

This case arises out of a dispute concerning a motor vehicle accident that occurred on March 27, 2021 near Exit 18 of Interstate 87 in Ulster County, New York, when a truck owned and operated by Defendants collided with a car in which Plaintiffs A.C., Ruth Aguilar (A.C.'s mother), and Kevin Maraboli (husband of Glenda Aguilar) were passengers, and Plaintiff Glenda

Aguilar (Ruth Aguilar's sister-in-law) was the driver. *See* Affidavit of Ruth Aguilar, dated November 7, 2022 ("Ruth Aff.") at ¶¶ 5, 11, ECF 20-2. A description of the parties and the allegations is as follows:

Plaintiff Glenda Aguilar was, and still is, a resident of the County of Nassau, State of New York and, as noted *supra*, is the sister-in-law of Plaintiff Ruth Aguilar. Am. Compl. ¶ 1, ECF 16; Ruth Aff. at ¶ 5, ECF 20-2.

Plaintiff Kevin Maraboli was, and still is, a resident of the County of Nassau, State of New York. *Id.* at ¶ 2. As noted *supra*, Kevin Maraboli is the husband of Glenda Aguilar. Ruth Aff. at ¶ 11.

Plaintiff A.C. was, and still is, a resident of the County of Nassau, State of New York and was, and still is, an infant under the age of seventeen (17) years. Am. Compl. ¶¶ 3-4, ECF 16.

Plaintiff Ruth Aguilar was, and still is, a resident of the County of Nassau, State of New York, and is the mother of infant Plaintiff A.C. *Id.* at ¶¶ 5-6.[1]

Defendant Adam Barrett was an employee of Defendant Carlisle Carrier, LLC. *Id.* at ¶ 7. Defendant Carlisle Carrier, LLC was, and still is, a foreign business corporation, domestic business corporation and limited liability company duly organized and existing under the laws of the State of Pennsylvania. *Id.* at ¶¶ 8-10. Finally, Defendant Carlisle Carrier, LLC specializes in transportation services and conducts business in the State of New York. *Id.* at ¶¶ 11-13.

Defendant Adam Barrett was also an employee of Defendant Carlisle Carrier Corporation. *Id.* at ¶ 14. Defendant Carlisle Carrier Corporation was, and still is, a foreign business corporation, domestic business corporation, and limited liability company duly organized and existing under

---

[1] Per the Ruth Aff. at ¶ 11 and Affidavit of Keri Lynn Timlin (infant Plaintiff's counsel), dated November 3, 2022 at ¶¶ 8-9, Plaintiffs Glenda Aguilar and Ruth Aguilar have already settled their claims for $120,000.00 and $90,000.00 respectively. Plaintiff Kevin Maraboli, the husband of Glenda Aguilar, has not yet settled his claim to date but another mediation has been scheduled and Maraboli's claims will likely settle in the near future. *Id.*

the laws of the State of Pennsylvania. *Id.* at ¶¶ 15-17. Finally, Defendant Carlisle Carrier Corporation specializes in transportation services and conducts business in the State of New York. *Id.* at ¶¶ 18-20.

Defendant Adam Barrett was also an employee of Defendant Cowan Systems, LLC. *Id.* at ¶ 21. Defendant Cowan Systems, LLC was, and still is, a foreign business corporation, domestic business corporation, and limited liability company duly organized and existing under the laws of the State of Maryland. *Id.* at ¶¶ 22-24. Finally, Defendant Cowan Systems, LLC specializes in transportation services and conducts business in the State of New York. *Id.* at ¶¶ 25-27.

At all relevant times, Defendant Adam Barrett allegedly operated a motor vehicle on the highways and roadways of the State of New York, particularly Interstate 87 at or near its intersection with Exit 18, NY Route 299, in the County of Ulster, State of New York. *Id.* at ¶¶ 28, 55. More specifically, the most recent Amended Complaint filed *pre-dating* the instant Motion alleges that: On March 27, 2021, Defendant Adam Barrett was the operator of a white truck/tractor trailer with red lettering bearing 'Carlisle Transportation' on it and owned by Defendant Carlisle Carrier, LLC. *Id.* at ¶¶ 30-32. Defendant Adam Barrett allegedly was careless and negligent in the operation of the white truck/tractor and caused the tractor to come into contact with and strike the plaintiff's motor vehicle, and then left the scene of the accident. *Id.* at ¶¶ 58-59. Finally, Plaintiffs, including infant Plaintiff A.C., allegedly sustained injuries as a result of the accident. *Id.* at ¶ 60.[2]

---

[2] The most recent Amended Complaint filed *prior* to the instant Motion alleged the following Causes of Action: Am. Compl., ECF 16 ¶¶ 29-80 (First Cause of Action: Motor Vehicle Owner and Operator Negligence against all Defendants); ¶¶ 81-89 (Second Cause of Action: Respondeat Superior against Defendant Carlisle Carrier, LLC); ¶¶ 90-95 (Third Cause of Action: Negligent Hiring and Retention against Defendant Carlisle Carrier, LLC); ¶¶ 96-104 (Fourth Cause of Action: Respondeat Superior against Defendant Carlisle Carrier Corporation); ¶¶ 105-110 (Fifth Cause of Action: Negligent Hiring and Retention against Defendant Carlisle Carrier Corporation); ¶¶ 111-119 (Sixth Cause of Action: Respondeat Superior against Defendant Cowan Systems, LLC); ¶¶ 120-125 (Seventh Cause of Action: Negligent Hiring and Retention Against Defendant Cowan Systems, LLC); ¶¶ 126-29 (Eighth Cause of Action) (summarizing allegations from Plaintiff Kevin Maraboli specifically). Note, the most recent Amended

### B. Relevant Procedural History

On February 3, 2022, Plaintiffs filed their initial Complaint, which was amended on June 29, 2022 and December 12, 2022. *See* ECF 1, 16 and 22 respectively. As noted above, the Complaint dated June 29, 2022 is the most recent Complaint filed prior to the instant Motion.

On November 9, 2022, Plaintiffs' counsel filed the instant Motion for Approval of Infant Comprise approving the settlement resolving the claims of infant Plaintiff A.C. *See* ECF 20. The Motion included a Declaration of Plaintiffs' Counsel, Jonathan Edelstein, dated November 9, 2022 ("Edelstein Decl."), Affidavit of Ruth Aguilar, dated November 7, 2022 ("Ruth Aff."), Affidavit of Plaintiffs' Counsel Keri Lynn Timlin, dated November 3, 2022 ("Timlin Aff.") and supporting materials/exhibits. *Id.*[3]

On November 9, 2022, the Honorable Frederic Block referred the instant Motion to this Court for a Report and Recommendation. *See* ECF Entry dated November 9, 2022.

### II.   APPLICABLE LEGAL STANDARD

The court's proceedings must "conform, as nearly as may be, to the New York State statutes and rules . . . ." *See* E.D.N.Y. Local Civ. R. 83.2(a)(1). The New York requirements for infant compromise proceedings are set forth in New York Judiciary Law § 474 and the New York Civil Practice Laws and Rules §§ 1205-1208, which require, among other things, an affidavit from the infant's representative stating "the terms and proposed distribution of the settlement and [the representative's] approval of both." N.Y. C.P.L.R. 1208(a)(5); *Black v. Dain*, No. CV1601238CBAST, 2021 WL 1146559, at *1 (E.D.N.Y. Mar. 9, 2021), *report and recommendation adopted*, No. 16CV01238CBAST, 2021 WL 1146041 (E.D.N.Y. Mar. 25, 2021).

---

Complaint, filed *after* the instant Motion, is dated December 12, 2022. Kevin Maraboli is the only named Plaintiff. *See* ECF 22.

[3] Note, counsel for *all* Plaintiffs, including infant Plaintiff A.C., is from The Bongiorno Law Firm. *See, e.g.*, ECF 20-9.

4

The court must determine "whether it is fair, whether the interests of the infant plaintiff are protected, and whether the attorneys' fees sought are reasonable." *Doe v. Mattingly*, No. 06 Civ. 5761 (JBW) (CLP), 2007 WL 2362888, at *1 (E.D.N.Y. Aug. 14, 2007); *see also Orlander v. McKnight*, 12 Civ. 4745 (HBP), 2013 WL 4400537, at *3 (S.D.N.Y. Aug. 15, 2013).

"A strong presumption exists that a settlement is fair and reasonable where (i) the settlement is not collusive but was reached after arm's length negotiation; (ii) the proponents have counsel experienced in similar cases; and, (iii) there has been sufficient discovery to enable counsel to act intelligently." *Camac v. Long Beach City Sch. Dist.*, No. 09 Civ. 5309 (MKB) (GRB), 2012 WL 3277228, at *4 (E.D.N.Y. July 25, 2012) (citing *Mattingly*, 2007 WL 2362888, at *2), *report & recommendation adopted*, No. 09 Civ. 5309 (MKB) (GKB), 2013 WL 991355 (E.D.N.Y. Mar. 13, 2013). Proposed settlements which have been negotiated by the infant's natural guardian carry a presumption that they are fair and in the infant's best interests, and should therefore be afforded some level of deference. *See Sch. for Language & Commc'n Dev. v. N.Y. State Dep't of Educ.*, No. 02 Civ. 269 (JS) (JO), 2010 WL 1740416, at *3 (E.D.N.Y. Apr. 7, 2010) (collecting cases), *supplemented*, No. 02 Civ. 269 (JS) (JO), 2010 WL 1752192 (E.D.N.Y. Apr. 26, 2010), *report & recommendation adopted*, No. 02 Civ. 269 (JS) (JO), 2010 WL 1752183 (E.D.N.Y. Apr. 28, 2010).

In assessing fairness, a court should compare "'the terms of the compromise with the likely rewards of litigation.'" *Neilson v. Colgate-Palmolive Co.*, 199 F.3d 642, 654 (2d Cir. 1999) (quoting *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1995)). The court must "form an educated estimate of the complexity, expense, and likely duration of such litigation." *Martegani v. Cirrus Design Corp.*, 687 F. Supp. 2d 373, 377 (S.D.N.Y. 2010) (quoting *Newman v. Stein*, 464 F.2d 689, 692 (2d Cir. 1972)) (internal quotation marks omitted), and "exercise the most jealous care that no injustice be done to the infant." *Southerland v. City of New*

5

*York*, No. 99 Civ. 3329 (CPS), 2006 WL 2224432, at *2 (E.D.N.Y. Aug. 2, 2006) (quoting *Anderson v. Sam Airlines*, 94 Civ. 1935, 1997 WL 1179955, at *8 (E.D.N.Y. Apr. 25, 1997) (internal quotation marks omitted)). In determining an infant compromise motion, the court considers the litigation risks, but does not "decide the merits of the case or resolve unsettled legal questions." *Vitucci v. Winthrop Univ. Hosp.*, No. 12 Civ. 4328 (DRH) (GRB), 2014 WL 4659274, at *4, 6 (E.D.N.Y. Sept. 17, 2014). Furthermore, while the court may conduct an infant compromise hearing, it is not required where, as here, the necessary information is available from the documents and affidavits submitted in support of the motion. *See Sch. for Language & Commc'n Dev.*, 2010 WL 1740416, at *2.

## III. ANALYSIS

The Court has thoroughly reviewed the instant Motion and supporting materials, including the Declaration of Plaintiffs' Counsel, Jonathan Edelstein, Affidavit of Ruth Aguilar, and Affidavit of Plaintiffs' Counsel Keri Lynn Timlin, plus the exhibits, which include the proposed disbursement/breakdown of settlement funds. *See* ECF 20. The Court analyzes these materials as set forth in the paragraphs below.

The proposed settlement between infant Plaintiff A.C. and Defendants would release Plaintiff A.C.'s claims against Defendants in exchange for a certain amount of settlement funds. *See, e.g.*, Edelstein Decl. at ¶ 2. Specifically, the proposed breakdown of the settlement proceeds is the following: **$70,000.00** in total with $45,750.56 distributed to infant Plaintiff; and the remainder to the infant Plaintiff A.C.'s counsel at the Bongiorno Law Firm, which includes $23,333.33 for Attorneys' fees, $450.00 for the No-Fault Fee,[4] and an additional $466.11 for

---

[4] The Court notes a small mathematical error in some of the instant Motion materials that incorrectly gives The Bongiorno Law Firm an extra $450.00. Specifically, the Ruth Aff. at ¶ 8 and Timlin Aff. at ¶ 14 correctly lists $23,783.33 going to the Bongiorno law firm ($23,333.33 for Attorneys' fees and $450.00 for the No-Fault Fee), but then states an *additional* $450.00 should also go to the Bongiorno law firm (mistakenly double counting the No-Fault

6

various Disbursements (i.e. filing fees and mediation costs). *See* ECF 20-9.[5] Moreover, per the Edelstein Decl. at ¶ 8, *see* ECF 20-1, the $45,750.56 going to infant Plaintiff A.C. will be deposited in an account at Chase Bank at 2469 Hempstead Turnpike, East Meadow, New York, in trust for, and for the benefit of, A.C. until she reaches the age of majority.

Besides the breakdown of settlement proceeds, the instant Motion materials also contain other pertinent information, including but not limited to the following: the Timlin Aff. at ¶ 7 explains the discovery-related work that Plaintiffs' counsel performed, including preparing discovery demands and responses that involved extensive medical follow-up and attending a discovery conference; *Id.* at ¶¶ 10-12 details the reasons why Plaintiffs' counsel recommended that infant Plaintiff A.C.'s claims be settled for $70,000, as opposed to different amounts offered to the other Plaintiffs, which is namely that A.C.'s injuries were the least severe; *Id.* at ¶ 13 indicates that the Bongiorno Law Firm has not become concerned in the settlement here at the instance of any person with adverse interests to the infant Plaintiff, *see* ECF 20-3; and the Edelstein Decl. at ¶ 10 and Timlin Aff. at ¶ 10 indicate that the Bongiorno Law Firm has extensive experience with similar personal injury litigation.

Based upon the Court's review of the instant Motion and supporting materials, this Court agrees with the Edelstein Decl. at ¶ 12 that an infant compromise hearing is not necessary. *See* ECF 20-1. Therefore, this Court recommends that the District Court approve the proposed breakdown of settlement proceeds and grant the instant Motion.

---

Fee). *See* ECF 20-2 and ECF 20-3. However, after adding up the totals above, it is clear that the $450.00 is to be included *within* the $23,783.33 ($23,333.33 plus $450.00) because the total settlement with the *extra* $450.00 would be $70,450.00, which exceeds the proposed settlement of $70,000.00. Note, the correct amounts/totals are listed in Plaintiffs' proposed settlement breakdown in ECF 20-9.

[5] Note, per the Bongiorno Retainer Agreement at ECF 20-4, the Bongiorno Law Firm is entitled to 33.33% of the settlement including costs for disbursements. Since 33.33% of $70,000.00 is $23,331.00, when adding the disbursements noted above, this Court concludes the Bongiorno Law Firm's calculation is fair.

## IV. CONCLUSION

Having examined the instant Motion and supporting materials, this Court concludes that the settlement is fair and reasonable because it is the result of arm's length negotiations, after the completion of sufficient discovery, and has been endorsed by the infant Plaintiff's natural guardian and attorney. Therefore, for the reasons outlined above, this Court recommends that the proposed settlement of this case between infant Plaintiff A.C. and Defendants should be approved and that the instant Motion should be GRANTED.

## V. OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

   /s/ Steven L. Tiscione
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
July 11, 2023

8